UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ILYANA ROSARIO, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> SHURTAPE TECHNOLOGIES, LLC, <br><br> Defendant. | CASE NO. 1:21-cv-00391 <br><br> JUDGE DONALD C. NUGENT <br><br> MAGISTRATE JUDGE WILLIAM H. BAUGHMAN, JR. <br><br> **JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

I.  **INTRODUCTION**

Plaintiff Ilyana Rosario ("Representative Plaintiff, "Class Representative," or "Plaintiff"), on behalf of herself and the members of proposed settlement class ("Class Members" or "Plaintiffs"), and Defendant Shurtape Technologies, LLC ("Defendant" or "Shurtape"), respectfully move this Court to finally approve the Class Action Settlement Agreement ("Settlement Agreement") between Representative Plaintiff and Defendant, and enter the Order attached hereto as Exhibit B.

On July 9, 2021, the parties filed their Joint Motion for Preliminary Approval of Class Action Settlement.  (*See* ECF No. 16.)

On July 12, 2021, this Court entered an Order preliminarily approving the settlement in this action. (ECF No. 18.)  The Order also conditionally certified the settlement class, approved the content of the Notice of Proposed Settlement of Class Action and Fairness Hearing ("Class Notice") and the procedure for distributing the Class Notice, and scheduled the Fairness Hearing for September 13, 2021 at 9:00 AM.  (ECF No. 18.)

The settlement administration procedures ordered by the Court have now been completed, as summarized in the Declaration of Jeff Mitchell, Project Manager at Analytics

1

Consulting LLC, attached hereto as Exhibit A. The Class Notice has been distributed and all deadlines for Class Members to submit requests for exclusion and/or objections to the settlement have passed. (Exhibit A, Mitchell Decl., ¶ 5.) No objections were received and only one (1) Class Member opted out of the settlement. (*Id.* at ¶¶ 7-8.)

## II. SUMMARY OF NOTICE PROCESS

A summary of the litigation, the terms of the Settlement Agreement, and fairness and adequacy of the settlement are set forth in the parties' Joint Motion for Preliminary Approval and related declaration, which the parties incorporate by reference. (*See* ECF No. 16.)

On July 14, 2021, in accord with the Preliminary Approval Order, Defense Counsel provided Analytics Consulting LLC ("Analytics") with the names, employee identification numbers, last known mailing addresses, social security numbers, and settlement payment amounts of the Class Members. (Ex. A, ¶ 3.) Analytics processed the records through NCOA to standardize and update the mailing addresses prior to mailing the Class Notice. (*Id.* at ¶ 4.) On July 26, 2021, Analytics sent by First Class Mail the "Notice of Proposed Settlement of Class Action and Fairness Hearing" ("Notice") to the 184 Class Members. (*Id.* at ¶ 5.) The Class Notice explained that Class Members had until August 25, 2021 to request exclusion from or object to the settlement. (Ex. A(1)). No objections were received by Analytics, Class Counsel, or Defense Counsel. (Ex. A, ¶ 8.) Only one (1) Class Member opted out of the Settlement. (Ex. A(2).)

## III. CALCULATION OF INDIVIDUAL PAYMENTS

Class Counsel also calculated the proposed schedule of individual payments. (*See* ECF No. 16-1, Schedule of Individual Payments.) The spreadsheet attached to the Class Action Settlement Agreement, filed with the Parties Joint Motion for Preliminary Approval, (*Id.*), lists

the individual payments to Representative Plaintiff and the Class Members, calculated according to the method described in the Settlement Agreement. The persons eligible for Individual Payments consist of Representative Plaintiff and Class Members. The settlement class encompasses 183 current and former hourly employees of Defendant who received at least one bonus payment and who worked more than forty hours in one or more workweeks, during which they received such payment between February 18, 2018 and April 10, 2021. The reduction of one person was the result of that individual affirmatively opting out of the settlement.

The Individual Payments for which Class Members are eligible have been calculated proportionally on each Class Member's overtime damages resulting from Defendant's failure to include in the calculation of their regular rates "all remunerations for employment paid to, or on behalf of, the employee," such as the bonuses, during the Calculation Period. The Calculation Period for Representative Plaintiff and the Class Members shall mean the period between February 18, 2018 and April 10, 2021. The calculations remain the same as submitted with the Joint Motion for Preliminary Approval. The Parties respectfully request that this proposed Schedule of Individual Payments be finally approved by the Court.

Additional payments, outside of the individual payments to Class Members, are made for the Service Award to the Representative Plaintiff, attorneys' fees and expense reimbursements to Plaintiffs' Counsel, and separate payments to the two (2) Opt-In Plaintiffs.

## IV. ARGUMENT

### A. The Court Should Grant The Parties' Request For Final Approval Of The Settlement, Including The Service Award, Attorneys' Fees, And Litigation Costs

#### 1. Standard for Final Approval of a Class Settlement

Federal Rule of Civil Procedure 23 provides that the claims of a certified class "may be settled" "only with the court's approval." Fed. R. Civ. P. 23(e). Three steps must be taken by

3

the court in order to approve a class action settlement under Rule 23 and the Fair Labor Standards Act: "(1) the court must preliminarily approve the proposed settlement, (2) members of the class must be given notice of the proposed settlement, and (3) after holding a hearing, the court must" determine whether the settlement is fair, reasonable, and adequate. *Brotherton v. Cleveland*, 141 F. Supp. 2d 894, 903 (S.D. Ohio 2001) (citing *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983)).

Courts in the Sixth Circuit consider the following seven factors in assessing whether a class action settlement is fair, reasonable, and adequate: "(1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the [action]; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and [the] class representatives; (6) the reaction of absent class members; and (7) the public interest." *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007); *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992); *Vukovich*, 720 F.2d at 922-23. "The law generally favors and encourages the settlement of class actions" and after the court preliminarily approves such a settlement, it is considered to be presumptively reasonable. *See Reed v. Rhodes,* 869 F. Supp. 1274, 1279 (N.D. Ohio 1994) (citing *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981)); *Vukovich*, 720 F.2d at 921 (citations omitted).

    **2.**    **Application of Relevant Criteria**

        **a)**    **Risk of fraud or collusion**

The courts "presume the absence of fraud or collusion" in class settlements unless there is evidence to the contrary. *Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818, 838 (E.D. Mich. 2008); *In re Art Materials Antitrust Litig.,* 100 F.R.D. 367, 371 (N.D. Ohio 1983). Here, settlement negotiations were initiated only after the parties investigated their claims and

4

defenses, researched the legal issues, engaged in document discovery, and analyzed payroll data. (*See* ECF No. 16-2, ¶¶ 18, 22-24.) The parties ultimately reached agreement assisted by attorneys with extensive experience litigating wage-hour class claims. (*See Id.*, ¶¶ 1-7, 19.)

Both sides acknowledged the risks each faced on the merits and class issue, and decided that settlement eliminated these risks, benefited the class and avoided further time and expense. Since the parties were fully informed, engaged in arms-length negotiations, and were aided by experienced counsel, their agreement is free from fraud and collusion. (*See Id.*); *Leonhardt*, 581 F. Supp. 2d at 838.

### b) The complexity, expense, and likely duration of the litigation favor settlement

The policy favoring the settlement of class actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. Moreover, the Parties continue to disagree over the merits of Plaintiffs' claims. The Parties disagreed whether the two-year limitations period for non-willful violations or three-year limitations period for willful violations applied. Defendant claims that even if Plaintiffs succeed on the merits, Plaintiffs cannot prove a willful violation of the law, and thus, no wages would be owed for the 3rd year of the three-year limitations period under the FLSA.

The expense and delay plaintiffs would incur if they pursued their claims through trial and appeal must be balanced against the recovery provided by the settlement. *See Dick v. Sprint Commc'ns Co.*, 297 F.R.D. 283, 295 (W.D. Ky. 2014). Without settlement, the parties would likely engage in further discovery and briefing on class certification and summary judgment. Trial would involve extensive testimony from numerous witnesses. And any final judgment would likely be appealed, thereby extending the duration of the litigation.

If forced to litigate this case further, the Parties would certainly engage in complex, costly and protracted wrangling. The settlement, on the other hand, provides substantial relief to Representative Plaintiff and the Class Members promptly and efficiently, and amplifies the benefits of that relief through the economies of class resolution. Settlement now avoids further expense and delay and guarantees a recovery of 100% of the overtime compensation and 100% of the liquidated damages Representative Plaintiff and the Class Members were allegedly denied over the three-year limitations period. (*See* ECF No. 16-2, ¶¶ 30, 32.) Therefore, the risks and potential expense of further litigation weigh in favor of final approval, consistent with the established policy preferring settlement over further time-consuming litigation. Further, even if Plaintiff and Class Members were successful at trial, they could receive nothing more than they are receiving pursuant to this Settlement given the 100% recovery obtained in the settlement.

c) **The amount of discovery engaged in by the parties**

The Parties engaged in substantial investigation prior to negotiating the Settlement Agreement. (*See* ECF No. 16-2, ¶¶ 18-25.) Relevant information was exchanged, including a complete analysis of each Class Member's alleged overtime damages resulting from Plaintiff's allegations that Defendant failed to pay overtime compensation to Representative Plaintiff and its hourly employees at one and one-half times their "regular rate," and to include in the calculation of their regular rates "all remunerations for employment paid to, or on behalf of, the employee," such as the bonuses. (*Id.* at ¶ 22, 32.) In addition, Class Counsel obtained investigation notes and declarations from Representative Plaintiff and other Class Members, and the legal issues in the case were thoroughly researched by counsel for the Parties. (*Id.* at ¶¶ 22-25.) Therefore, the issues in this action were thoroughly researched by both sides and all aspects of the dispute are

6

well-understood by the parties. *Levell v. Monsanto Research Corp.*, 191 F.R.D. 543, 556-57 (S.D. Ohio 2000).

### d) The likelihood of success on the merits

"The likelihood of success . . . provides a gauge from which the benefits of the settlement must be measured." *In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984). Given the factual and legal complexity of this matter, it is difficult to assess plaintiffs' likelihood of success at trial. Plaintiffs' claims are based on disputed issues of fact and law and plaintiffs' success at trial is far from guaranteed. In sum, although Plaintiffs assert that the class claims are meritorious, the action certainly is not without risk. This factor thus weighs in favor of final approval.

Counsel for both sides believe in the merits of their clients' positions, but nonetheless recognize that the litigation of claims is uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendant raises affirmative defenses to Plaintiffs' claims, and the outcome of those defenses is uncertain as well. Continued litigation would be risky for all.

Even if Plaintiffs succeed on the merits of their claims, the amount of recovery is uncertain and something upon which the Parties continue to disagree. Even if Plaintiffs were to succeed on the merits they could not recover any more than they are recovering under the settlement. The Proposed Settlement recovers more than 100% of the overtime compensation and more than 100% of the liquidated damages that Representative Plaintiff and the Class Members were allegedly denied over the three-year limitations period, particularly for the 77 Class Members who were owed less than $25 as they will receive a $25 minimum payment.

### e) Class Counsel and Class Representative favor settlement.

The endorsement of experienced class counsel "is entitled to significant weight, and

supports the fairness of the class settlement." *UAW v. Ford Motor Co.*, No. 07-CV-14845, 2008 WL 4104329, at *26 (E.D. Mich. Aug. 29, 2008). Here, Class Counsel believes the settlement is fair, reasonable, and adequate. (*See* ECF No. 16-2, ¶ 27.) Class Counsel has experience in wage and hour class actions, has acted in good faith, and has vigorously represented their clients in negotiating the settlement. Representative Plaintiff has been fully informed and involved in the settlement process and has signed the Settlement Agreement. (*See* ECF No. 16-2, ¶ 34.) *Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d 521, 533 (E.D. Ky. 2010), *aff'd sub nom*. *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235 (6th Cir. 2011).

### f) The reaction of absent Class Members

The absence of Class Member objection indicates that the class supports the settlement. *Connectivity Sys. Inc. v. Nat'l City Bank*, No. 2:08-cv-1119, 2011 WL 292008, at *6 (S.D. Ohio Jan. 26, 2011); *In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 248 F.R.D. 483, 498-99 (E.D. Mich. 2008) (small number of opt-out requests indicative of the adequacy of the settlement).

Here, Notice of the proposed settlement was sent to Class Members in accord with the Court's Preliminary Approval Order. (Ex. A, ¶ 5.) Class Members were informed of their right to object to or opt out of the settlement and they were provided 30 days to do so. No objections were received and only one (1) Class Member requested to be excluded. (*Id.* ¶¶ 7-8.) These facts all indicate approval of the settlement by the class. Accordingly, this factor favors final approval of the settlement.

### g) Settlement is in the public interest

"[T]he law generally favors and encourages the settlement of class actions." *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981). The settlement ends complex litigation that

has been pending for seven (7) months and provides substantial relief to Class Members and avoids protracted, costly litigation. *See Brotherton*, 141 F. Supp. 2d at 905-06. The terms of the settlement are equitable and provide a reasonable resolution of the action. The Class Members will receive 100% of the overtime compensation and liquidated damages they were allegedly denied over the three-year limitations period. (*See* ECF No. 16-2, ¶ 32.) Additionally, there are 77 Class Members who were owed less than $25 and each of them will receive a minimum payment of $25. (*Id.*) As such, a recovery of more than 100% of the class damages, particularly in such an efficient manner as occurred in this case, is considered in the public interest.

## V. CONCLUSION

For the above reasons, and for the reasons stated in the Parties' Joint Motion for Preliminary Approval of Class Action Settlement (ECF No. 16), the proposed settlement should be finally approved by the Court, including the service award, attorney's fees, and litigation costs. The Parties submit an updated version of the agreed Final Order and Judgment Entry, incorporating the above events. (*See* Exhibit B.) The settlement is fair, reasonable, and adequate and provides Class Members a substantial benefit, given the meaningful risks and substantial expense associated with continued litigation.

Respectfully submitted,

| | |
|---|---|
| /s/ Chastity L. Christy | /s/John Gerak |
| Chastity L. Christy (0076977) | John Gerak (0075431) |
| Anthony J. Lazzaro (0077962) | Andrew S. Haring (0087213) |
| Lori M. Griffin (0085241) | Ogletree, Deakins, Nash, Smoak & Stewart, P.C. |
| The Lazzaro Law Firm, LLC | Key Tower |
| The Heritage Building, Suite 250 | 127 Public Square, Suite 4100 |
| 34555 Chagrin Boulevard | Cleveland, Ohio 44114 |
| Moreland Hills, Ohio 44022 | Phone: 216-274-6917 |
| Phone: 216-696-5000 | john.gerak@ogletree.com |

Facsimile: 216-696-7005  
anthony@lazzarolawfirm.com  
chastity@lazzarolawfirm.com  
lori@lazzarolawfirm.com  

*Attorneys for Plaintiff*

andrew.haring@ogletree.com

*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2021, a copy of the foregoing *Joint Motion For Final Approval Of Class Action Settlement* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ Chastity L. Christy  
Attorney for Plaintiff